## WOOLWORTH v. UNITED STATES.

(Circuit Court, S. D. New York. March 14, 1902.)

### No. 2,831.

CUSTOMS DUTIES—COMMERCIAL DESIGNATION—EVIDENCE OF USAGE.

To warrant a finding that imports, otherwise not toys, are commercially known as such, and so should be classified under Tariff Act 1897, par. 418, there must be proof of a usage, definite, uniform, and general, and not partial, local, or personal; and testimony of employés of an importing retail house, whose knowledge is confined to what has been known or done by such house, is not enough.

Appeal by the Importer from a Decision of the Board of United States General Appraisers.

Albert Comstock, for the importer.

Henry C. Platt, Asst. U. S. Atty.

COXE, District Judge (orally). The importations in controversy are small lanterns made of metal and glass, metal being of chief value. The collector assessed them for duty under paragraph 193 of the act

of 1897, as "non-enumerated articles, composed wholly or in part of iron, steel, lead, etc." The importer insists that they should have been classified under paragraph 418 of the same act as "toys." The board of general appraisers found as matter of fact that the articles were not toys. Evidence has been taken in this court of which it is sought to predicate a finding by the court that they have been commercially known as toys. Proof necessary to establish commercial usage has been characterized by the supreme court in the case of Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, 38 L. Ed. 482, as follows:

"Necessarily, commercial designation is the result of established usage in commerce and trade; and such usage, to affect a general enactment, must be definite, uniform, and general, and not partial, local or personal."

The evidence in this case is clearly within the exception last stated. It is "partial, local and personal." It is confined entirely to the evidence of two employés of the importing house of F. W. Woolworth, which is conceded to be a retail house, and the knowledge of the witnesses is confined exclusively to what has been known or done, by the particular house in question. In other words, there is no evidence tending to show how these articles have been regarded by importers and large dealers in the commerce of this country.

The decision of the board of appraisers is affirmed.